CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 AUG -1 PM 2: 39
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | No. 1:16-CV-00038-BL |
| | § | |
| **MELISSA A. HILL,** | § | |
| | § | |
| **Defendant** | § | |

## REPORT AND RECOMMENDATION

After having considered the motion of Plaintiff, United States of America, for default judgment against Defendant, Melissa A. Hill, and Chavez and the documents submitted by Plaintiff in support of the Motion, the Court recommends that Plaintiff's Motion for Default Judgment be granted.

This action was initiated on March 14, 2016, by the filing of Plaintiff's Original Complaint. The Court has subject matter jurisdiction over the action and personal jurisdiction over Defendant Hill. Defendant was properly served with summons and a copy of Plaintiff's complaint on June 30, 2016. The summons instructed Defendant to serve on Plaintiff's attorney an answer to the complaint within twenty-one days after the date of service. The summons warned that failure to comply would result in judgment by default being entered against Defendant for the relief demanded in the complaint. Defendant failed to comply with the directives of the summons or otherwise indicate an intent to defend the action within the time required by law.

In response to Plaintiff's Request for Clerk's Entry of Default, the Clerk entered default against Defendant on July 29, 2016. After having reviewed the allegations in the

Complaint, the Motion for Default Judgment and the accompanying declarations, the Court has concluded that the record supports rendition of a default judgment against Defendant as recommended by this report.

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs Motion for Default Judgment be **GRANTED** and **RECOMMENDS** that a final judgment be entered for Plaintiff against Defendant for $8,101.26 plus additional pre-judgment interest of $102.00 after February 1, 2016 through June 30, 2016, plus additional pre-judgment interest of $0.69 per day after June 30, 2016 to the date of judgment, along with its costs of suit, and that the judgment accrue interest at the legal post-judgment interest rate.

**IT IS ORDERED** that this case is **TRANSFERRED** to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en

banc), *superseded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012).

**SO ORDERED.**

Dated August __/__, 2016.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**